IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerry W. Nelson, ) | |
| ) | Civil Action No. 6:12-2066-JFA-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department of ) | |
| Corrections, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motions for temporary restraining order ("TRO") (docs. 27, 29). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff is currently incarcerated in the Lieber Correctional Institution. He alleges that, while conducting a search for contraband in the Special Management Unit ("SMU") on July 1, 2011, defendant Simmons[1] forced him to open his "butt cheeks over thirteen times," which he claims was a sexual assault, while defendant Turbide[2] failed to prevent the situation from occurring. He further alleges that defendant Simmons threatened him that if he did not abandon a grievance he had filed, Simmons would arrange for the

---

[1]This defendant's name is misspelled in the caption of the plaintiff's complaint as "Simmon."

[2]This defendant's name is misspelled in the caption of the plaintiff's complaint as "Turbine."

plaintiff to be raped and killed. The plaintiff alleges violations of the Eighth Amendment and the South Carolina Tort Claims Act, and he seeks damages and injunctive relief.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

In his motions, the plaintiff contends that defendant Simmons has taken his legal documents and other possessions, including a Walkman, pillow, toothpaste, and mirror. He further alleges that defendant Simmons threatened him, brought a gun to the prison to give to an inmate to kill the plaintiff, and placed poison in his food. He asks the court for a warrant for defendant Simmons' arrest.

The defendants argue that there is insufficient evidence to support such an extraordinary remedy as requested by the plaintiff. This court agrees. The defendants reference the affidavits of defendants Simmons and Turbide, which were submitted in support of the defendants' motion for summary judgment (*see* docs. 20-1, 20-2). Both defendants attest that the plaintiff and his cell were searched in accordance with the policy of the South Carolina Department of Corrections ("SCDC") and that at no point did they

assault, batter, or otherwise touch or inflict harm on the plaintiff. In his reply, the plaintiff references the numerous requests to staff and grievances he has filed regarding the defendants (*see* doc. 32 and attachments). In support of their opposition to the motion for TRO, the defendants also rely on the affidavit of Merve Powell, an Investigator with the SCDC Division of Investigations. Mr. Powell attests that he investigated the plaintiff's allegations regarding the July 1, 2011, incident and found them to be without merit (*see* doc. 20-4).

Here, the plaintiff has failed to show that he is clearly entitled to the relief sought. He has not demonstrated that he will likely succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Accordingly, the motions (docs. 27, 29) should be denied.

IT IS SO RECOMMENDED

March 6, 2013                                                s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).