IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerry W. Nelson, ) | |
| ) | Civil Action No. 6:12-2066-JFA-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department of ) | |
| Corrections, Wilson Simmons, and ) | |
| Charlie Turbide, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction and temporary restraining order ("TRO") (doc. 44). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

The plaintiff is currently incarcerated in the Lieber Correctional Institution. He alleges that, while conducting a search for contraband in the Special Management Unit ("SMU") on July 1, 2011, defendant Simmons[1] forced him to open his "butt cheeks over thirteen times," which he claims was a sexual assault, while defendant Turbide[2] failed to prevent the situation from occurring. He further alleges that defendant Simmons threatened him that if he did not abandon a grievance he had filed, Simmons would arrange for the

---

[1] This defendant's name is misspelled in the caption of the plaintiff's complaint as "Simmon."

[2] This defendant's name is misspelled in the caption of the plaintiff's complaint as "Turbine."

plaintiff to be raped and killed. The plaintiff alleges violations of the Eighth Amendment and the South Carolina Tort Claims Act, and he seeks damages and injunctive relief.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

In his motion, the plaintiff requests that the court order "officials to cease from their behavior, and the deeds of forcing themselves upon a inmate of unlawfulness touching, assaulting a inmate by hitting or roughly violence abuse. The plaintiff was force to [be strip searched] by Wilson Simmon Charlie Turbine in front of lock-up SMU inmate by prison official rape, sexual assault, sexual harass. . . ." (doc. 44 at p. 1-2). The plaintiff attached to his motion a "declaration" by inmate Robert Lynn Darnell (doc. 44-2).[3] The declaration states that Mr. Darnell saw defendants Turbide and Simmons deny the plaintiff his tray, and a few days later, defendant Simmons took the plaintiff out of his cell into the

---

[3]The document states that it is written by the plaintiff because Mr. Darnell cannot read or write. It is unclear whether the document is signed by Mr. Darnell or the plaintiff.

2

SMU sallyport for a number of hours. The plaintiff also attached to his motion numerous grievances and requests to staff regarding the defendants (doc. 44-3).

In their opposition to the motion for TRO, the defendants reference the affidavits of defendants Simmons and Turbide, which were submitted in support of the defendants' motion for summary judgment (*see* docs. 20-1, 20-2). Both defendants attest that the plaintiff and his cell were searched in accordance with the policy of the South Carolina Department of Corrections ("SCDC") and that at no point did they assault, batter, or otherwise touch or inflict harm on the plaintiff. The defendants also rely on the affidavit of Merve Powell, an Investigator with the SCDC Division of Investigations. Mr. Powell attests that he investigated the plaintiff's allegations regarding the July 1, 2011, incident and found them to be without merit (*see* doc. 20-4).

Here, the plaintiff has failed to show that he is clearly entitled to the relief sought. He has not demonstrated that he will likely succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Accordingly, the motion (doc. 44) should be denied. The Clerk of Court is directed to correct the spelling of the defendants' names as reflected in the above caption.

IT IS SO RECOMMENDED.

April 30, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.